SullivaN, J.
Debt by Thomas against Wilson and Etnire on a replevin bond. Wilson, the principal in the bond, appeared, and pleaded a release executed to him by Thomas. Etnire made default, and an interlocutory judgment was taken against him. The plaintiff claimed oyer of the release set up in the plea, and demurred. The Court overruled the demurrer, and gave judgment for the defendants.
The objection urged against the plea is, that there is a variance between the release as set forth in the plea, and that shown upon oyer. There is no ground for this objection. The release is general as well as special. It extends to “ all demands whatever” in the first place, and then refers specially to the claim of Thomas against Wilson on a replevin bond, then in suit in the Warren Circuit Court. 'Whether that bond be the same on which the present suit against Wilson and Etnire is founded or rot ~an in no wise affect the case. The release, in general *216 terms, of “ all demands, ” in favour of Thomas against Wilson, will embrace the bond' which is the foundation of this suit, unless it appear, by recital or otherwise, that it was the intention of the parties to restrict it to a particular case. But as this no where appears, the Court was clearly right in overruling the demurrer. .
W. M. Tenners and R. A. Chandler, for the plaintiff.
R. C. Gregory, for the defendants.
After the Court had pronounced judgment on the demurrer, *the plaintiff moved the Court for a jury to assess his damages against Etnire. The Court refused the motion, and the plaintiff excepted. In overruling this motion, the Court committed no error. There is no principle better settled, than that an absolute and unconditional release to one of several co-obligors, whether bound jointly, or jointly and severally, operates as a discharge of all the others. Chitt. on Cont., 605; Cocks v. Nash, 9 Bing., 341; 2 Saund., 48. And it is equally well settled, that wherever the principal debtor is discharged, the surety is exonerated from his liability. Chitt. on Cont., 419. In either view, the release to Wilson discharged Etnire, and the plea of Wilson inured to his benefit, for the contract being entire, the plaintiff must succeed upon it against all or none. And in such an action, if the plaintiff fail at the trial, upon the plea of one of the defendants, he can not have judgment or damages against the others, who let judgment go by default. Tuttle v. Cooper, 10 Pick., 281; Arch, Forms, 339.
Per Curiam.—The judgment is affirmed with costs.